UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADRIAN ION NEACSU                                                               CIVIL ACTION

VERSUS

MARK ANDERS, ET AL                                                              NO. 10-356-C-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, August 27, 2010.

                                                                                  _____
                                                                                  **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADRIAN ION NEACSU                                              CIVIL ACTION

VERSUS

MARK ANDERS, ET AL                                             NO. 10-356-C-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Adrian Ion Neacsu ("Neacsu"). The State has filed an opposition (R. Doc. 5) to Neacsu's petition.

## PROCEDURAL BACKGROUND

In August 2005, Neacsu was charged, by bill of information, with one count of fraud in connection with a monetary instrument, a violation of La. R.S. 14:72.2. On August 10, 2005, he was present in the state trial court and made an oral motion to represent himself. The court, after questioning Neacsu, denied his motion and continued his arraignment until August 31, 2005, at which time an attorney made an oral motion to enroll as Neacsu's counsel. Neacsu's arraignment was again continued due to Hurricane Katrina, and on September 20, 2005, he waived his counsel's presence, was formally arraigned, and pled not guilty. Due to an outburst by Neacsu during his arraignment hearing, he was held in contempt of court and sentenced to six (6) months in prison.

Thereafter, on the scheduled date of trial, December 13, 2005, the trial judge ordered Neacsu to undergo examinations by two (2) mental health professionals. Both of those professionals opined that Neacsu was not competent to stand trial, and on March 16,

2006, the state trial judge ordered that Neacsu be confined for treatment and continuing evaluation at a state mental facility, presumably pursuant to La.C.Cr.P. art. 648. A report concerning Neacsu's mental capacity to proceed was ordered for September 12, 2006. On September 20, 2006, Neacsu was recommitted to the East Feliciana Forensic Facility based upon the reports of the sanity commission.

On or about May 8, 2006, Neacsu filed a petition for writ of habeas corpus with this Court, wherein he alleged that he was being wrongfully held at a state mental hospital. On May 8, 2008, this Court dismissed Neacsu's habeas petition "without prejudice to re-application, for failure to exhaust state court remedies pursuant to 28 U.S.C. 2245(b) and (c)." *See*, Civil Action No. 06-328-B-M3.

Neacsu then filed a second habeas application with this Court on or about October 28, 2008, wherein he again contended that he is being unlawfully held by state authorities. That habeas petition was dismissed without prejudice, on October 9, 2009, due to Neacsu's failure to re-submit his *in forma pauperis* motion on approved forms and his failure to file the required filing fee or a statement of account to accompany his *in forma pauperis* motion. *See*, Civil Action No. 08-695-A-M2.

Finally, Neacsu filed his third and present habeas petition on or about May 21, 2010, asserting the same claims contained in his prior applications.[1] The State contends that

---

[1] Neacsu contends that he is being "held hostage for profit and political gain, without being lawfully accused and duly convicted, in violation of due process of the law" and that the medical personnel at the forensic facility where he is confined are "working hand in hand with the court[]house to terrorize [him.]"

Neacsu's present application should also be dismissed without prejudice for failure to exhaust state court remedies.[2]

## **LAW & ANALYSIS**

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust state court remedies regarding his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. *Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Based upon the pertinent portions of the state court record that have been presented to the Court in this matter, it does not appear that Neacsu has exhausted his state court remedies with respect to his claims since the last time he applied for federal habeas relief

---

[2] The undersigned notes that, because Neacsu's prior habeas applications were dismissed without prejudice for failure to exhaust state court remedies and for a curable technical deficiency (*i.e.*, failure to pay the filing fee), such prior petitions do not count as his first habeas petition, such that he would be required to obtain authorization from the U.S. Fifth Circuit Court of Appeals to file his present habeas application. Put another way, his present habeas petition is not considered a successive habeas application for which he would need filing authorization from the court of appeals. *See, Butz v. Mendoza-Powers*, 474 F.3d 1193 (9th Cir. 2007)(Habeas petitioner's application for authorization to file a second or successive habeas petition after his initial petition was dismissed for failure to pay the district court's filing fee was denied as unnecessary, since the petitioner could bring a motion for relief from judgment challenging the district court's dismissal of his habeas petition); *Pavlovsky v. VanNatta*, 431 F.3d 1063 (7th Cir. 2005)(If the first habeas petition was dismissed because of a curable technical deficiency, such as failure to pay the filing fee, so that the dismissal is not final and therefore without prejudice, then it does not count as the first petition, and the second petition becomes the first, and no authorization for filing a second petition is necessary); *In re Gasery*, 116 F.3d 1051 (5th Cir. 1997)(Although typically, in order to file a successive habeas application, a petitioner must seek authorization from the U.S. Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(b)(3)(A), that rule does not apply when the prior dismissal was due to a failure to exhaust state court remedies since the successive application is simply a continuation of the inmate's first collateral attack).

with this Court.  Since the time of Neacsu's last habeas application, only a few documents have been added to the state court record.  First, the record contains a "Physician's Report to Court" dated May 5, 2009, wherein Neacsu was diagnosed with paranoid schizophrenia, and it was opined that he is a danger to others and gravely disabled and that his involuntary confinement and treatment are therefore indicated.  The record also reflects that, on May 21, 2009, the state trial court again remanded Neacsu to the State's Department of Health and Hospitals and ordered civil commitment proceedings.

Although Neacsu attempted to file a writ application with the Louisiana First Circuit Court of Appeals in the interim since his last habeas petition was dismissed, the First Circuit's decision concerning that application states the following, "WRIT DENIED ON THE SHOWING MADE.  Relater failed to include any pertinent portions of the district court record that might support the claim raised in the writ application."  *State v. Neascu*, 09-1823 (La.App. 1st Cir. 12/7/09).  Thus, it is apparent from the First Circuit's writ judgment that the claims Neacsu asserts in his present habeas petition were not fairly and properly presented to the First Circuit for consideration.[3]  Accordingly, Neacsu's habeas petition should again be dismissed without prejudice for failure to exhaust his claims through the Louisiana state court system prior to seeking federal habeas review.

---

[3] Additionally, although Neacsu indicates on his habeas corpus forms that he has sought review with the "State Supreme Court," he also indicates that he has "no answer so far."  Thus, while the state court record contains no evidence of any filing with the Louisiana Supreme Court by Neacsu, even assuming he sought review in that court, Neacsu has admitted that such filing is still pending and therefore not exhausted.

**RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Adrian Ion Neacsu be **DISMISSED WITHOUT PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, August 27, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**